UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Harris,

    Plaintiff,

vs.

Michael Ervin, *et al.*,

    Defendants.

Case No.: 1:18-cv-00142

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 8) and Plaintiff's Response thereto (Doc. 12).

**BACKGROUND**

Plaintiff Anthony Harris is a resident of Cuyahoga County and was incarcerated at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio during the events stated in this action. (Doc. 1 at PageID #3). Defendant Michael Ervin ("Ervin") is a Corrections Officer at SOCF. Defendant Ronald Erdos ("Erdos") is the Warden of SOCF. (*Id.*). Defendants John and Jane Does 1-5 are persons or employees at SOCF whom Plaintiff alleges were aware of and indifferent to Plaintiff's medical condition. (*Id.* at PageID #4). What follows are the facts as alleged in Plaintiff's Complaint. (Doc. 1).

On February 28, 2017, Plaintiff had been standing in line to receive medication, when he approached and greeted the nurse who was dispensing the inmates' medication. (*Id.* at PageID #5). The nurse gave Plaintiff his medication. (*Id.*). After Plaintiff

1

complimented the nurse, Ervin approached Plaintiff and discharged his chemical spray into Plaintiff's face. Plaintiff was then handcuffed and taken into isolation.

Soon after, SOCF investigated Ervin's use of force. (*Id.*). Ervin, in a sworn statement, testified that Plaintiff made graphic, sexual remarks and gestures to the nurse, and did not stop when ordered. (*Id.* at PageID #5-6). The nurse did not remember Plaintiff making graphic remarks and gestures but did remember Ervin discharging the chemical spray. (*Id.* at PageID #6). An SOCF security video did not support Ervin's version of events. (*Id.*). The investigation found that the use of force was inappropriate and unjustified. (*Id.* at PageID #7). Plaintiff alleges that this was not the first time Ervin had engaged in excessive force. (*Id.* at PageID #8).

Following the incident, Plaintiff had continuous eye pain. (*Id.* at PageID# 7). Following Plaintiff's release from SOCF, doctors diagnosed Plaintiff with "Punctate Keratitis of the right eye" which is an eye disorder caused by cell death around the cornea. (*Id.* at PageID #8).

## **ANALYSIS**

Plaintiff alleges several causes of action against Defendants in their individual and official capacities: (1) a 42 U.S.C. § 1983 ("§ 1983") claim against Ervin for excessive force in violation of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights; (2) a § 1983 claim against Erdos on the basis of an alleged pattern and practice of improper training and supervision; (3) state tort claims for battery and assault against Ervin; (4) state tort claims of infliction of emotional distress against Ervin and other unnamed SOCF employees; (5) a state law negligence claim against Erdos for negligent hiring,

training, and supervising; and (6) a § 1983 claim against Defendants John and Jane Does 1-5 on the basis of deliberate indifference to a known medical need. (Doc. 1 at PageID #8-11).

Defendants Ervin and Erdos move to dismiss Plaintiff's state law claims and all claims against them in their official capacities. (Doc. 8). Plaintiff agrees that those claims should be dismissed and asks the Court to dismiss them without prejudice. (Doc. 12). However, the parties disagree whether Plaintiff's § 1983 claim against Erdos should be dismissed. Moreover, Ervin did not move to dismiss the § 1983 claims against him and John and Jane Does 1-5 (Doc. 8).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *See Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting FED. R. CIV. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegation must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Defendants contend that Plaintiff's state law individual capacity claims should be dismissed for lack of subject matter jurisdiction and all official capacity claims should be dismissed because Defendants have not waived their Eleventh Amendment immunity—contentions with which Plaintiff agrees. (Doc. 8 at PageID #52-53); (Doc. 12 at PageID #73).

Under Ohio law, state employees are immune from civil liability for injuries caused in the performance of the employee's duties "unless the . . . employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless . . . the . . . employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86. The Ohio Court of Claims has original, initial jurisdiction to determine whether an employee is entitled to personal immunity under Ohio Rev. Code § 9.86. Indeed,

> [a] civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner **shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86** of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

Ohio Rev. Code § 2743.02(F) (emphasis added). Accordingly, as the Ohio Court of Claims has not determined that Defendants are not entitled to immunity under Ohio Revised Code § 9.86, this Court cannot exercise pendant jurisdiction over Plaintiff's state-law claims against Erdos and Ervin in their individual capacities. *See Haynes v. Marshall*,

4

887 F.2d 700, 704 (6th Cir. 1989) ("Until the Ohio Court of Claims determines that [the employees] are not immune, there is no cause of action cognizable under Ohio law over which the district court can assert pendent jurisdiction.").

Additionally, Plaintiff's official-capacity claims against Defendants are barred by the Eleventh Amendment because Ohio has not waived its sovereign immunity. *See Wofel v. Morris*, 972 F.2d 712, 718-19 (6th Cir. 1992) (finding that claims against Ohio state employees in their official capacities could not be maintained when Ohio had not waived its Eleventh Amendment sovereign immunity (citing *Will v. Michigan Dept. of State*, 491 U.S. 58, 65-67 (1989))). "Dismissals for lack of jurisdiction based on Eleventh Amendment immunity should be made without prejudice." *Carmichael v. City of Cleveland*, 571 Fed.Appx. 426, 435 (6th Cir. 2014) (citing *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005)). Therefore, Plaintiff's official-capacity claims are barred and dismissed without prejudice.

Defendants contend that Plaintiff's § 1983 claims against Erdos must be dismissed because Plaintiff has essentially pleaded that Erdos is liable under a theory of *respondeat superior*, which is not actionable under § 1983. (Doc. 8 at PageID #56). Defendants argue that Plaintiff merely treats Erdos as an individual with decision making authority and that Plaintiff's only allegations against Erdos are based on his position at SOCF. (*Id.* at PageID #56-57). Plaintiff responds that his claims against Erdos are not based on *respondeat superior* and, instead, are based upon Erdos's failure to adequately train and supervise his employees. (Doc. 12 at PageID #73). Plaintiff argues that Erdos, by being on notice of Ervin's history of excessive force, directly contributed to Plaintiff's injuries. (*Id.*). The Court notes that Defendants did not file a Reply to Plaintiff's argument in his Response.

5

Section 1983 imposes civil liability on a person acting under color of state law who deprives another of the "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Therefore, a plaintiff must allege two elements to establish a prima facie case under § 1983: (1) that the action occurred "under color of law"; and (2) that the action was a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on separate grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)). Government officials and employees "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978)). Therefore, a supervisor "cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir.2006)).

However, supervisors may be liable for the unconstitutional acts of their subordinates in certain circumstances outside of a *respondeat superior* theory of liability: "[a] supervisor is not liable pursuant to § 1983 for failing to train unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Campbell v. City of Springboro, Ohio*, 700 F.3d 779, 790 (6th Cir. 2012) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). This does not mean that the supervisor must have been present at the time of the alleged constitutional violation. *Peatross*, 818 F.3d at 242 (citing *Campbell*, 700 F.3d at 790). Instead, plaintiffs must make a minimal showing "that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Campbell*,

700 F.3d at 790 (quoting *Shehee*, 199 F.3d at 300). Additionally, courts must consider whether there is a causal connection between a defendant's wrongful conduct and the alleged violation. *Peatross*, 818 F.3d at 242 (citing *Doe ex rel. Doe v. City of Rosedale*, 296 F.3d 431, 441 (6th Cir. 2002)). "[W]here an official's execution of his or her job function causes injury to the plaintiff, the official may be liable under the supervisory-liability theory." *Id.* (citing *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir.1992)).

Here, Plaintiff alleges that Erdos ratified unconstitutional conduct and failed to train and supervise his employees to avoid the use of excessive force. (Doc. 1 at PageID #11). In particular, Plaintiff alleges that Erdos was on notice of the need to provide adequate medical care to inmates sprayed with chemical spray and failed to supervise and train employees charged with doing so. (*Id.*). The Complaint also alleges that Erdos was on notice that Officer Ervin had used excessive force against inmates on multiple occasions. (*Id.* at PageID #8). If true, these allegations and the inferences drawn from them could support the plausible inference that, as a matter of his job function, Erdos knowingly acquiesced in his officers' use of excessive force against Plaintiff. *See Peatross*, 818 F.3d at 243 (citing *Coley v. Lucas County, Ohio*, 799 F.3d 530, 542 (6th Cir. 2015)).

Additionally, Plaintiff alleges that Erdos, as Warden of SOCF, is a policymaker with decision-making authority. (Doc. 1 at PageID 3-4). The Complaint also alleges that Plaintiff was injured as a proximate result of Erdos's inaction and inadequate training. (*Id.* at PageID #11). These allegations, combined with Plaintiff's allegation of repeated instances of excessive force within SOCF, gives rise to a sufficient inference of causation between Erdos's actions and Plaintiff's injury. *See Peatross*, 818 F.3d at 244-45.

In sum, accepting as true all facts and inferences from Plaintiff's Complaint, Plaintiff sufficiently states a claim for relief under § 1983 against Erdos. "Importantly, the law does not impose too heavy a burden on the litigant at this early stage of the proceedings. It would be a perversion of justice to allow a person who might be crippled by officials acting under color of state law to then be crippled by the courts during the infancy of his or her case." *Peatross*, 818 F.3d at 246-47.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss** (Doc. 8) and Defendants' Motion to Dismiss all individual-capacity state-law claims is **GRANTED** and Defendants' Motion to Dismiss all official capacity claims is **GRANTED**. However, Defendants' Motion to Dismiss Plaintiff's § 1983 claim against Erdos is **DENIED**.[1]

**IT IS SO ORDERED.**

                                                _s/ Michael R. Barrett_____
                                                Michael R. Barrett, Judge
                                                United States District Court

---

[1] To clarify, the claims remaining in this case after this order are: (1) Plaintiff's § 1983 claim against Erdos; (2) Plaintiff's § 1983 claim against Ervin; and (3) Plaintiff's § 1983 claims against John and Jane Does.